IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CLINTON RICHARDS,

    Plaintiff,

v.

CODY LAWSON, et al.,

    Defendants.

Case No. 5:21-cv-03132-HLT-ADM

## MEMORANDUM AND ORDER

Pro se plaintiff Clinton Richards[1] has filed a complaint under 42 U.S.C. § 1983. Defendant Cody Lawson[2] moves to dismiss on grounds that Plaintiff's complaint was filed outside the statute of limitations. Doc. 13. Plaintiff has not responded. For the reasons discussed below, the Court finds that Plaintiff's complaint is untimely and grants the motion to dismiss.

### I.    BACKGROUND

Plaintiff's complaint under 42 U.S.C. § 1983 alleges that, on May 19, 2019, several officers with the Topeka Police Department attacked and beat Plaintiff without provocation. *See generally* Doc. 1. The complaint was filed on May 26, 2021. But it is dated May 12, 2021, and a "Certificate of Service" attached to it states that the complaint was "submitted to the court on May 12, 2021." *Id.* at 5-6. The envelope is postmarked May 24, 2021. Doc. 1-1. The docket reflects that Plaintiff is currently incarcerated at Leavenworth.

---

[1] Because Plaintiff proceeds pro se, his pleadings are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court does not, however, assume the role of advocate. *Id.*

[2] Plaintiff names three additional John Doe defendants, but Lawson is the only named and served defendant.

Defendant moves to dismiss on grounds that Plaintiff filed his complaint outside the two-year statute of limitations for § 1983 claims. Doc. 13. Specifically, Defendant argues that Plaintiff's complaint fails to state a claim because it is time-barred by the applicable statute of limitations. Defendant argues that the prison mailbox rule cannot save Plaintiff's case because he has not properly alleged that he mailed the complaint before expiration of the statute of limitations.

Plaintiff did not respond to Defendant's motion by the September 29, 2021 deadline. The Court subsequently ordered Plaintiff to file a response by October 20, 2021, and informed him that if he failed to do so, the Court would take up the motion without the benefit of his response. Doc. 15. Since then, Plaintiff has not responded or taken any other action in this case.

## II.   STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if it is accompanied by sufficient factual content to allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* In undertaking this analysis, the Court accepts as true all well-pleaded allegations in the complaint, though it need not accept legal conclusions. *Id.*

## III.   ANALYSIS

Civil rights cases brought under 42 U.S.C. § 1983 are governed by the applicable state statute of limitations. *Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005). "Because both section 1983 and 1981 claims are actions for injury to the rights of another, the appropriate state statute of limitations is [K.S.A. § 60-513(a)(4)]." *Baker v. Bd. of Regents*, 991 F.2d 628, 630 (10th

Case 5:21-cv-03132-HLT-ADM   Document 16   Filed 11/12/21   Page 3 of 5

Cir. 1993). K.S.A. § 60-513(a)(4) provides for a two-year statute of limitations. Here, Plaintiff's complaint alleges events that occurred on May 19, 2019. He filed the complaint on May 26, 2021—a week outside the statute of limitations. Thus, based on the allegations in the complaint and the date of filing, Plaintiff's complaint is untimely.

Under the prison mailbox rule, a pro se prisoner's filing is considered timely if it was given to prison officials for mailing prior to the deadline. *Price*, 420 F.3d at 1163-64. This rule extends to § 1983 filings by prisoners. *Id.* at 1164. But to avail himself of this rule, a plaintiff must "attest that such a timely filing was made and has the burden of proof on this issue." *Id.* at 1165. There are two ways a prisoner can make the requisite showing:

> (1) alleging and proving that he or she made timely use of the prison's legal mail system if a satisfactory system is available, or (2) if a legal system is not available, then by timely use of the prison's regular mail system in combination with a notarized statement or a declaration under penalty of perjury of the date on which the documents were given to prison authorities and attesting that postage was prepaid.

*Id.* at 1166; *see also* 28 U.S.C. § 1746 (permitting unsworn statements if made under penalty of perjury).

Under the prison mailbox rule, Plaintiff's complaint could be considered timely if he could adequately demonstrate it was mailed on May 12, 2021—a week prior to the expiration of the statute of limitations—with postage prepaid. Plaintiff has not responded to the motion to dismiss. Thus, the Court can only rely on his complaint to determine whether the prison mailbox rule can render his action timely. To this point, Plaintiff's complaint includes a "Certificate of Service," in which Plaintiff "swear[s] that a copy of this civil complaint under 42 U.S.C. § 1983 was submitted to the Court on May 12, 2021; with a copy of said complaint forwarded to the mailroom of the

3

Topeka, Kansas Police Department c/o City Hall on the same date." Doc. 1 at 6. Thus, the issue is whether the "Certificate of Service" is sufficient to warrant application of the prison mailbox rule.

Plaintiff's "Certificate of Service" does not warrant application of the prison mailbox rule. First, this certificate does not allege or prove use of a prison legal mail system. Second, it does not even allege use of a prison's regular mail system, as it only states that the complaint was "submitted" to the Court on May 12, 2021.[3] Third, although Plaintiff "swear[s]" the complaint was "submitted" to the district court on May 12, 2021, he has not provided a notarized statement or declaration under penalty of perjury to this effect or otherwise demonstrated that the prison mailbox rule should apply, which is his burden. *See Price*, 420 F.3d at 1165. Under these facts, Plaintiff is not entitled to the benefit of the prison mailbox rule.

The Tenth Circuit reached a similar conclusion in *Price*, where the plaintiff had included a certificate stating that the complaint was "respectfully submitted" on a certain date accompanied by a certification that it "was placed in the institutional mails" on that same date. *Id.* at 1167. Because the plaintiff failed to show the existence of a legal mail system and failed to show timely use of the regular mail system via a notarized statement or declaration under penalty of perjury, the court concluded he was "not entitled to the benefit of the mailbox rule and his complaint was therefore 'filed' when it was received by the court on June 18, 2002." *Id.* at 1166-67; *see also United States v. Ceballos-Martinez*, 387 F.3d 1140, 1145 (10th Cir. 2004) (finding that the prison mailbox rule did not apply to a filing that "has neither a declaration of compliance nor a notarized statement, and it fails to affirm that he pre-paid first-class postage for any of his filings").[4]

---

[3] Although the Court need not judge the credibility of this statement to determine that the prison mailbox rule doesn't apply in this case, the Court notes it is somewhat dubious that the complaint was "submitted" to either the district court or the prison mail system on May 12, 2021, where the complaint was not docketed until May 26, 2021, and was not postmarked until May 24, 2021.

[4] In *Ceballos-Martinez*, the Tenth Circuit concluded that the requirements of the prison mailbox rule did not run counter to the general principles that pro se pleadings are liberally construed and that cases should be decided on

Like in *Price*, Plaintiff has failed to show he is entitled to the benefit of the prison mailbox rule. His complaint is therefore deemed filed on the date it was received by the district court, which is May 26, 2021. His claims are therefore untimely and must be dismissed.

## IV. CONCLUSION

THE COURT THEREFORE ORDERS that Defendant Officer Cody Lawson's Motion to Dismiss (Doc. 13) is GRANTED. Because the motion raises arguments applicable to all defendants, Plaintiff's claims are dismissed without prejudice as to all parties.

THE COURT FURTHER ORDERS that judgment is to be entered in favor of Defendants. This case is closed.

IT IS SO ORDERED.

Dated: November 12, 2021                    /s/ *Holly L. Teeter*
                                                                      HOLLY L. TEETER
                                                                      UNITED STATES DISTRICT JUDGE

---

their merits where possible because "we have never interpreted them to give litigants—even pro se litigants—*carte blanche* to disregard congressionally established procedural rules." *Ceballos-Martinez*, 387 F.3d at 1145.